Garcia v. Sessions in a footnote as being pending on a petition for a hearing. Between the time I wrote that footnote and when I filed my brief, petition for a hearing was granted. It was my error. I sincerely apologize for my oversight to the members of this court and counsel for responding to my client. Your Honor, Mr. Cruz Martinez is married to a U.S. citizen. They have three, excuse me, they have four U.S. citizen children between them. After being in immigration custody for a little over three years, he was deported in August. to Mexico. As a result, he, his wife, and the children had been suffering greatly. Your Honor, several years ago, after determination by the asylum office that he was credible and his fear of persecution was reasonable, he was placed in withholding only proceedings. Proceedings held before an immigration judge here in Chicago. He testified he had ran to the United States because he was afraid he would be killed. Two men had come to the home looking for his brother. They were going to harm him. He left the country about two months later, came back to the United States where he had lived initially since he was a teenager in 1993. Though the immigration judge determined that the petitioner testified credibly and there were sympathetic factors in his case, the immigration judge nevertheless denied his applications for withholding of removal and protection of the United Nations Convention Against Torture, or CAT. His timely appeal to the BIA, the board, was denied. Over neither the board nor the immigration judge addressed his application for asylum. Your Honor, as I would like to address, if I may, footnote number two of counsel's brief in which he proposes at the very end of that footnote an ordinary remand or under the ordinary remand rule discussed by the Supreme Court in Ventura, at which time two issues could be addressed that perhaps were not properly addressed by the board in its decision. First, asylum. Asylum was never addressed by the board nor by the immigration judge when an application for asylum was presented. Also, there are two orders in the two separate records. The first record and those two orders are the orders of reinstatement. The order that was filed by the Department of Justice and that was before the Immigration Court and the Board of Immigration Appeals is at page 385 of the DOJ record. That one is not signed. In other words, it's not a proper reinstatement. The other order that was filed with this court but never before the immigration judge or the Board of Immigration Appeals is the order that was signed. And I believe what counsel for the respondent has suggested is a way to resolve this matter. To have it sent back so the BIA could address this properly. The BIA could also address the number of documents that we submitted, which I don't believe they adequately did, concerning violence in Mexico which happened and has continued to happen in that country. Your Honor, I would respectfully request this court grant the remand under the ordinary remand rule for the board to address those issues. And if there's no other questions... What unremand do you expect to happen? Pardon me, I'm sorry. Unremand. Yes. What would go unremand? Unremand, Your Honor, as was suggested by a respondent under Ventura, is that the board could address at least those two issues. In other words, why was the order, the reinstatement order, before the IJ and the BIA not a final order? It was only at the top, it says notice of intent. It's not signed at the bottom, the actual order was reinstated. They could also address, they did not address at all the request for asylum. Now if he's not properly... The asylum, was he trying to put himself in some sort of a classification? Well the... Other than just having been from the United States? The classification was, as determined as I understand it, by the asylum office, was that he, relatives of his brother, Costino, and he cannot change that because his brother will always be his brother. So he is a member of that particular social group, that family, which cannot be changed. But we never really reached that issue. The Board of the Immigration Judges concluded under withholding that he did not establish a clear probability that he would be in danger. Under asylum, it's a lower standard. It's a reasonable fear. Thank you, Mr. Burke. Thank you very much, Your Honor. Mr. Moss. Your Honors, and may it please the Court, Benjamin Mark Moss for the Respondent, the Attorney General. We ask this Court to deny the petition for review because most of the issues in this case are either waived or precluded by this Court's dispositive Garcia holding. Now turning first to asylum, seven other courts agree with this Court's Garcia case in saying that for illegal re-entrants with reinstated removal orders, asylum just isn't available. So any arguments premised on, or related to, or even a remand for asylum, they just don't make sense. Now as to withholding or removal, the Board found no past persecution because the single isolated threat that Mr. Cruz-Martinez experienced just didn't rise to the level. And his opening brief waves challenge to the finding that he would not, more likely than not, be persecuted in the future, and that is dispositive. Same thing for cat protection. He waves challenge to the finding that he would not, more likely than not, be singled out for torture in the future. So that takes care of asylum, withholding, and cat, leaving only some ancillary issues which also lack merit. Turning to the question of whether the reinstatement order was properly issued, it's true that a copy of the order before it was signed did make it into one of the administrative records. Absolutely true. But another copy is signed. I'm holding it up, Your Honors. It's page one of the Department of Homeland Security administrative record, and it's signed right here at the bottom. Although the Board did not address the argument that it was unsigned, we can see that that did not occur. However, under an exception to the remand doctrine, the futility exception, there's no argument about why the outcome would be any different if this Court were to consume administrative and judicial resources by sending it back so the Board can say, oh yes, there was a signed version, and we do everything again. There's just no prejudice here. And that relates to the final issue, the motion to remand proceedings to the Board to consider newly submitted evidence with the Board appeal. The Board concluded that none of the evidence of country conditions that he submitted with the Board appeal would change the outcome of the case, and here again my friend waves challenge to that finding by failing to point out to this Court how any of that evidence would change the outcome. So the Board did not abuse its discretion. All issues are waived, and as to the ones that are raised relating to asylum, they're simply precluded by this Court's precedent. If the Court has no questions, we respectfully ask the Court to deny the petition for review. Thank you, Your Honors. Thank you, Mr. Boss. Mr. Berg. Thank you, Your Honors. As acknowledged by respondents, the order that was before the board, so it's not clear when we were before those proceedings, that there was a signed order. We raised that again in our brief to the Board of Admission Appeals. The brief filed by DHS to the Board of Admission Appeals could have attached that order. They did not. They didn't address it at all. The Board did not adequately address that argument that we made to them, a fundamental argument. Was there a signed order reinstating proceedings? We submit there were not. We believe that this gentleman did put forth a case for asylum withholding and protection under CAT. We ask that you grant the petition for review. Nothing else to remand and direct the Board to address these very important issues. Thank you very much, Your Honors. Thank you, Mr. Berg. Thank you, Mr. Boss. The case is taken under advisement. The Court will stand in recess.